1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

9

SHANNON WESTBROOK,

NO. C10-5392 BHS/KLS

10                            Plaintiff,

11      v.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
AS PROPOSED, AND GRANTING
LEAVE TO FILE AMENDED
COMPLAINT

12   DR. STEVE HAMMOND, et al.,

13                            Defendants.

14          This civil rights action has been referred to United States Magistrate Judge Karen L.

15   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  On June 3, 2010,

16
     Plaintiff filed a motion to proceed *in forma pauperis* and a proposed prisoner civil rights
17
     complaint.  Dkt. 1.  On June 4, 2010, the Clerk of Court directed Plaintiff to provide service
18
19   copies and marshal forms for the service of his complaint.  Dkt. 2.  On June 14, 2010, Plaintiff

20   was granted leave to proceed *in forma pauperis* and his Complaint was docketed.  Dkts. 3 and

21   4, respectively.  On June 17, 2010, Plaintiff filed a motion to amend his complaint, with a

22
     proposed amendment, service copies and summonses.  Dkt. 5.  As proposed, portions of the
23
     amended complaint contain deficiencies preventing service.  Accordingly, the court shall not
24
25   direct service of the amended complaint, but shall give Plaintiff an opportunity to submit an

26   amended complaint to cure the deficiencies.

ORDER                                                                                                1

*DISCUSSION*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) (1), (2) and 1915(e) (2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982). To be liable for causing the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode,* 423 U.S. 362, 370-71, 375-77 (1976).

In his proposed amended complaint, Plaintiff adds factual allegations regarding his claim that he was denied medical care at the Stafford Creek Corrections Center (SCCC) in violation of his Eighth Amendment rights. He adds several new defendants; among these, Plaintiff purports to sue (1) Governor Christine Gregoire because she is in charge of the supervision and discipline of all state employees; (2) Eldon Vail, Secretary of the Department of Corrections (DOC), because he is in charge of the supervision and discipline of all correctional and medical staff at SCCC; and (3) Pat Glebe, Superintendent of SCCC, because he is in charge of the supervision and discipline of all SCCC correctional and medical staff. Dkt. 5-2, pp. 1-2.

With regard to Governor Christine Gregoire, Secretary Vail and Superintendent Glebe, the court finds that Plaintiff has failed to state a claim upon which relief may be granted because he has named these individuals in their supervisory capacity only and has included no factual allegations to support a claim that these individuals personally participated in the alleged deprivation of his Eighth Amendment rights.

To state a claim under the Eighth Amendment, Plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id.* at 104-5; see also *Broughton v. Cutter Labs.*, 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993);

1    McGuckin, 974 F.2d at 1059.  Second, the prison official must be deliberately indifferent to the

2    risk of harm to the inmate.  *Farmer*, 511 U.S. at 834.

3           An official is deliberately indifferent to a serious medical need if the official "knows of

4    and disregards an excessive risk to inmate health or safety."  *Id*. at 837.  Deliberate

5    indifference requires more culpability than ordinary lack of due care for a prisoner's health.

6
7    *Id*. at 835.  In assessing whether the official acted with deliberate indifference, a court's inquiry

8    must focus on what the prison official actually perceived, not what the official should have

9    known.  See *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).   In other words an official

10   must (1) be actually aware of facts from which an inference could be drawn that a substantial

11   risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to

12
13   the inmate's health.  *Farmer*, 511 U.S. at 837-8.

14          Plaintiff must identify the individuals who have allegedly caused him harm, but he has

15   failed to do so as to Governor Gregoire, Secretary Vail and Superintendent Glebe.

16   Supervisory personnel are generally not liable under § 1983 for the actions of their employees

17   under a theory of respondeat superior and, therefore, when a named defendant holds a

18   supervisorial position, the causal link between him and the claimed constitutional violation

19
20   must be specifically alleged.  See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher*

21   *v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979).  To state a

22   claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must

23   allege some facts that would support a claim that supervisory defendants either: personally

24   participated in the alleged deprivation of constitutional rights; knew of the violations and failed

25   to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

26

ORDER                                                                                                 5

'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). Plaintiff has not alleged any facts indicating that Governor Gregoire, Secretary Vail and Superintendent Glebe personally participated in the alleged violations, knew of the violations and failed to prevent them, or implemented a deficient policy. Therefore, Plaintiff has failed to state any valid claims against Governor Gregoire, Secretary Vail and Superintendent Glebe and dismissal of his claims against these individuals is appropriate. Before dismissing these parties, however, the court shall grant Plaintiff leave to file an amended complaint to either plead facts sufficient to support the conclusion that Governor Gregoire, Secretary Vail and/or Superintendent Glebe participated in the deprivation of his Constitutional rights or to file an amended complaint that does not include these individuals.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. Plaintiff is further directed to provide copies of his First Amended Complaint and completed summonses containing the current address for

1 | each named defendant.  Plaintiff shall do so on or before **July 16, 2010,** or the Court will

2 | recommend dismissal of the deficient portions of his complaint.

3 |

4 |      Accordingly, it is **ORDERED** that Plaintiff's motion to amend his complaint as

  | proposed (Dkt. 5-2) is **DENIED.**  The Clerk shall send a copy of this Order and a copy of the

5 |

6 | General Order to Plaintiff.

7 |      Dated this   29th  day of June, 2010.

8 |

9 |

10 |                                        Karen L. Strombom
   |                                        United States Magistrate Judge