UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON WESTBROOK,<br><br>       Plaintiff,<br> v.<br><br>DR. STEVE HAMMOND, PAC ED LOPEZ, KATHY RENINGER, and JOHN AND JANE DOE,<br><br>       Defendants. | No. C10-5392 BHS/KLS<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for the appointment of counsel. ECF No. 19. Having carefully reviewed Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

ORDER - 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff requests counsel because he is not able to afford counsel on his own, he has made every effort to obtain counsel, the issues involved in this case are complex, there is no law library at his facility, he has limited knowledge of the law, and that he is being assisted by a fellow inmate.  ECF No. 19, p. 2.

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*.  The pleadings on file demonstrate that Plaintiff is familiar with the Court rules as well as the law pertaining to his claims.  Contrary to Plaintiff's belief, this is not a complex case.  Plaintiff claims that he was denied adequate medical care when the medical Care Review Committee decided that surgical intervention was not medically necessary for his right bicep tear.  This case does not involve complex facts or law.

ORDER - 2

Plaintiff also claims that he has not access to a law library.  According to Defendants, if Plaintiff requires the use of a law library, he has access to one at another DOC facility and can request a transfer.

Finally, Plaintiff states without evidence that Defendants have failed to provide him with proper medical treatment for his condition.  This is insufficient to show that he is likely to prevail on the merits of his case.

The court finds no exceptional circumstances in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants.  There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.  Moreover, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 19) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  16th   day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3